**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 13 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> MIKE VIERSTRA, <br><br> Defendant - Appellant. | No. 11-30225 <br><br> D.C. No. 1:10-cr-00204-REB-1 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
Ronald E. Bush, Magistrate Judge, Presiding

Submitted August 9, 2012[**]
Seattle, Washington

Before: BLACK,[***] GRABER, and RAWLINSON, Circuit Judges.

Defendant Mike Vierstra appeals his misdemeanor conviction for the

negligent discharge of a pollutant into the waters of the United States without a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable Susan H. Black, Senior United States Circuit Judge for the Eleventh Circuit, sitting by designation.

permit, in violation of 33 U.S.C. §§ 1311(a) and 1319(c)(1)(A). Whether we review de novo (as Defendant urges) or for plain error (as the government urges), we affirm, because there were no errors.

1. The criminal prosecution did not violate double jeopardy principles, because the previous enforcement action was civil in nature. See Hudson v. United States, 522 U.S. 93, 99 (1997) ("The [Double Jeopardy] Clause protects only against the imposition of multiple criminal punishments for the same offense."). Defendant concedes that the statute labels the penalty as "civil," so our only inquiry is "whether the statutory scheme was so punitive either in purpose or effect as to transform what was clearly intended as a civil remedy into a criminal penalty." Id. (internal quotation marks, citation, and brackets omitted). Having considered the relevant factors, id. at 99–100, we easily conclude that this high standard is not met here, see id. at 100 ("[O]nly the clearest proof will suffice to override legislative intent and transform what has been denominated a civil remedy into a criminal penalty." (internal quotation marks omitted)). For instance, the criminal provisions have a mens rea element, whereas the civil provisions do not. Compare 33 U.S.C. § 1319(c)(1)(A) (requiring negligence) with id. § 1319(g)(1) (no mens rea requirement).

2.  Sufficient evidence supported the jury's verdict because, viewing the evidence in the light most favorable to the government, United States v. Ramirez, 537 F.3d 1075, 1081 (9th Cir. 2008), a rational jury could have concluded that a "significant nexus" existed between the Low Line Canal and the Snake River. Rapanos v. United States, 547 U.S. 715, 767 (2006) (Kennedy, J., concurring in the judgment); see N. Cal. River Watch v. City of Healdsburg, 496 F.3d 993, 999-1000 (9th Cir. 2007) (describing the effect of the Supreme Court's various opinions). For six to eight months a year, the Low Line Canal flows continuously and directly into a tributary of the Snake River, a traditionally navigable water. Additionally, the canal has a significant flow of water, an ordinary high water mark, and a defined bed and bank.

3.  The exercise of jurisdiction by the State of Idaho over the same waters does not affect the federal government's jurisdiction. See generally United States v. ITT Rayonier, Inc., 627 F.2d 996 (9th Cir. 1980). Nothing in the statute undermines the federal government's clear prosecutorial authority under 33 U.S.C. § 1319(c)(1).

**AFFIRMED.**